# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.M.**

**No. 21-0700** (McDowell County 21-JA-9)

## MEMORANDUM DECISION

Petitioner Mother L.B., by counsel Zachary K. Whitten, appeals the Circuit Court of McDowell County's August 2, 2021, order terminating her parental rights to A.M. and the court's August 9, 2021, order denying petitioner post-termination visitation.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, William Huffman, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period, terminating her parental rights without imposing the least restrictive dispositional alternative, and denying her motion for post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2021, the DHHR filed an abuse and neglect petition after petitioner gave birth to drug-affected A.M. Specifically, the DHHR alleged that petitioner abused nonprescribed Suboxone and methamphetamine while pregnant with A.M. and further failed to obtain any prenatal medical care. Additionally, the DHHR alleged that petitioner's parental rights to another child were previously involuntarily terminated in 2012. Following the petition's filing, the court held a preliminary hearing, and petitioner failed to appear but was represented by counsel. The court took evidence in support of the petition and ratified the child's removal. The court also

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

ordered that petitioner participate in supervised visits with A.M. and undergo a parental fitness and psychological evaluation.

The court held an adjudicatory hearing in April of 2021, during which petitioner stipulated to the allegations against her, and the circuit court adjudicated her as an abusing parent. The court held petitioner's request for a post-adjudicatory improvement period in abeyance as petitioner had been accepted into Family Treatment Court and planned to enter into long-term inpatient drug rehabilitation. In June of 2021, the court held a review hearing, during which the DHHR indicated that petitioner left the drug detoxification facility after less than twenty-four hours. The court denied petitioner's motion for a post-adjudicatory improvement period but stated that if petitioner enrolled into a drug detoxification program within the week, it would reconsider its denial.

The court held a dispositional hearing in July of 2021. The DHHR moved for the termination of petitioner's parental rights, arguing that petitioner had been noncompliant with services such as supervised visitations, parenting education classes, and drug screening. The DHHR worker testified that petitioner went to several drug detoxification programs but left within twenty-four hours. She also stated that petitioner failed to attend three scheduled parental fitness and psychological evaluations and failed to stay in contact with the workers, and had petitioner requested help with transportation to services, the DHHR would have arranged for transportation. On cross-examination, the worker explained that petitioner's parental rights to another child had been previously involuntarily terminated due to drug abuse. Petitioner testified that despite checking into a drug detoxification program three separate times and then leaving, she needed more time to address her addiction and that she was not offered the "proper help" to "get clean." She testified that she did not "like" the local drug rehabilitation option and attempted to find other options in southern West Virginia by hitchhiking to locations, but she did not like those drug rehabilitation programs either. Petitioner testified that she last used Suboxone and methamphetamine three days prior. She requested the court place the child in a legal guardianship while she completed a drug rehabilitation program. When asked if she was currently enrolled into such a program, petitioner answered that she was not. Petitioner also testified that she was living in a camper with a man who had been previously convicted of felony drug distribution and whose parental rights to his own children were previously terminated.

The court noted petitioner's dismissal from Family Treatment Court, failure to stay enrolled in a drug detoxification program twice, and failure to enroll into a long-term inpatient drug rehabilitation program when she was given six weeks to obtain a placement. The court found that petitioner "wants to quibble with the quality and quantity of services that have been provided to her," but the evidence supported a finding that petitioner failed to follow through with reasonable services and that she had been given "numerous opportunities" to obtain drug treatment. The court noted that petitioner tested positive for illicit substances immediately prior to the hearing and continued to test positive for illicit substances throughout the case. Based on the evidence presented, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the child's best interests required termination of her parental rights. The court held petitioner's motion in abeyance to allow petitioner the opportunity to enroll into drug rehabilitation. The court terminated petitioner's parental rights via order entered on August 2, 2021. The court denied petitioner's motion for post-termination visitation by order entered on August 9, 2021, after finding that

petitioner failed to enroll in drug treatment or otherwise stay in contact with counsel or the DHHR.[2] It is from these orders that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that she should have been granted a post-adjudicatory improvement period. According to petitioner, there was clear and convincing evidence that she was likely to participate in an improvement period as she stipulated to drug use at adjudication and was accepted into the Family Treatment Court. While in Family Treatment Court, petitioner participated in drug screening, supervised visitations, parenting classes, and individual and group therapy. Petitioner also contends that although she did not stay at the local drug detoxification program, she attempted to enroll into two other programs, but there was no availability. Additionally, petitioner argues that her severe drug addiction is not correctable in a "short amount of time."

In order to be granted a post-adjudicatory improvement period under West Virginia Code § 49-4-610(2)(B), the parent must first "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Here, petitioner failed to demonstrate that she was likely to fully participate in an improvement period. Petitioner ignores the fact that although she was accepted into Family Treatment Court, she participated in some services for less than two months before being dismissed from the program for noncompliance. Petitioner failed to submit to three scheduled parental fitness and psychological evaluations. She concedes that she has a severe substance abuse problem, yet

---

[2]A.M.'s father is deceased. The permanency plan for A.M. is adoption in her current foster home.

petitioner left drug detoxification programs on three separate occasions. The evidence showed that petitioner failed to stay in touch with the DHHR and failed to enroll into a long-term inpatient drug rehabilitation program when she was given six weeks to obtain a placement. Petitioner further concedes that she was given multiple opportunities to address her drug addiction during the pendency of the case and failed to do so. As petitioner failed to make even a minimal effort in addressing her addiction, her argument that she needed more time to obtain drug treatment is without merit. Due to petitioner's overall noncompliance, the circuit court did not abuse its discretion in denying her motion for an improvement period.

Petitioner also argues that she was entitled to a less restrictive dispositional alternative, such as legal guardianship, rather than the termination of her parental rights. However, petitioner provides no specific argument as to why disposition in this matter was inappropriate, other than to generally allege that West Virginia Code § 49-4-604(c) requires that the least restrictive option be employed. However, petitioner ignores that West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination of parental rights is necessary for the children's welfare. Further,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court made both required findings, which are fully supported by the record, and petitioner does not challenge them on appeal. As such, she is not entitled to relief.

Petitioner's final assignment of error concerns the circuit court's denial of her request for post-termination visitation. Petitioner argues that it is in A.M.'s best interests to have a meaningful relationship with her only living parent. Petitioner contends that she could assist in other areas of her life such as "relationship development, mental and emotional development, as well as strong cognitive and social behavior." As such, petitioner asserts that post-termination visitation would be appropriate. We disagree.

In addressing post-termination visitation, the Court has directed as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being

and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Here, the circuit court found that it was not in the child's best interests to grant post-termination visitation. First, the court held petitioner's motion in abeyance to allow petitioner the opportunity to enroll into drug rehabilitation. After petitioner failed to seek drug treatment, failed to stay in contact with her counsel, and otherwise failed to show any interest in addressing the court's concerns with her lack of sobriety, the circuit court denied post-termination visitation with A.M. Accordingly, we find no error in the circuit court's denial of petitioner's motion for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 2, 2021, order and August 9, 2021, order are hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

5